# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PLATFORM 10, LLC, a Nevada Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:20-cv-00238-RCJ-CLB |
| vs. | ) ) | **ORDER** |
| BATTLE MOUNTAIN BAND OF THE TE-MOAK TRIBE OF WESTERN SHOSHONE INDIANS OF NEVADA, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, a Nevada limited liability company, filed this case on April 16, 2020 against Defendant, an Indian band. Plaintiff alleges breach of contract (and alternatively breach of good faith and fair dealing) for the violation of an agreement, titled, "Development Agreement for Gaming Facility Between the Battle Mountain Band of the Te-Moak Tribe of Western Shoshone Indians of Nevada and PLATFORM 10, LLC" (the Agreement). Pursuant to the Agreement, Plaintiff was to assist the Defendant to finance, design, develop, construct, furnish and equip the following: (1) a Gaming Facility; (2) a distribution and retail facility for motor fuels, including but not limited to gas, diesel, and liquid propane; and (3) a convenience store for the sale of food, beverages, tobacco, and other convenience items.

Plaintiff filed proof of service on May 7, 2020. To date, Defendant has not filed anything with this Court regarding this case. The Court therefore has issued default on June 15, 2020. On April 14, 2021, Plaintiff filed a motion for default judgment. Before granting a default judgment, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court's review of the facts of the law shows this Court lacks subject-matter jurisdiction, so it dismisses the case without prejudice and denies the motion for default judgment as moot.

Plaintiff raises three bases for subject-matter jurisdiction: 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1362. (ECF No. 1 ¶¶ 4, 6.) For Section 1332 to be satisfied, there must be complete diversity of citizenship. However, Section 1332 makes no mention of Indian tribes or bands. The Ninth Circuit has therefore held that Indian tribes or bands destroy complete diversity. *Am. Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1095 (9th Cir. 2002), *as amended on denial of reh'g* (July 29, 2002) ("Indian tribes cannot sue or be sued in diversity because they are not citizens of any state.").

As for Sections 1331 and 1362, Plaintiff's reliance on these statutes is also error. Section 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, Section 1362 provides, "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." The Ninth Circuit has held that contract claims between Indian tribes or bands and private companies do not arise under the Constitution, laws, or treaties of the United States. *Gila River Indian Cmty. v. Henningson, Durham & Richardson*, 626 F.2d 708, 714 (9th Cir. 1980) (affirming a district court dismissal for lack of subject-matter jurisdiction where an Indian tribe was suing a private company

for breach of contract relying on §§ 1331, 1362); *see Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1055 (9th Cir. 1997) ("[F]ederal courts do not have jurisdiction over run-of-the-mill contract claims brought by Indian tribes . . . .").

Plaintiff does point to the fact that Defendant waived its sovereign immunity and consented to the jurisdiction of this Court in the contract. (ECF No. 14 Ex. 3 §§ 10.2 (iv), 13.1.7.) These clauses however fail to alter the lack of jurisdiction. Federal courts are ones of limited jurisdiction, and their power over a case must be "authorized by Constitution and statute"—not the consent of the parties. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *accord Am. Vantage Companies, Inc.*, 292 F.3d at 1095 (finding substantially identical contractual waivers by an Indian tribe failed to grant subject-matter jurisdiction for a breach of contract claim).

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Default Judgment (ECF No. 14) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the case is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated November 8, 2021.

_____
ROBERT C. JONES
United States District Judge